12 CV 5018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EDDIE STEWART,

                              Plaintiff,

-AGAINST-

THE CITY OF NEW YORK, POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 – 10, Individually and in their official capacities (the names John and Jane Doe being fictitious, as their true names are presently unknown),

                              Defendants.

------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
JUN 27 2012
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff EDDIE STEWART, by his attorney, VERENA C. POWELL, ESQ., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff seeks relief for the violation of his constitutional rights as secured by 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of New York.

2. Plaintiff's claims arise from an incident that occurred on June 27, 2009, in which Officers of the New York City Police Department (hereinafter, "the NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, false imprisonment, malicious prosecution and failure to intervene.

3. Plaintiff seeks to recover monetary damages (special, compensatory and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

5. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

6. The amount in controversy exceeds $75,000.00, excluding interest and costs.

## VENUE

7. Venue is proper for the United States District Court for the Southern District New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because the claims arose in this district.

## JURY DEMAND

8. Plaintiff EDDIE STEWART respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9. Plaintiff EDDIE STEWART is a citizen of the United States, and at all relevant times a resident of the City, County and State of New York.

10. THE CITY OF NEW YORK is a municipal corporation duly organized under the laws of the State of New York. THE CITY OF NEW YORK is authorized by law to maintain a

police department that acts as its agent in the area of law enforcement and for which the CITY OF NEW YORK is ultimately responsible.

11. At all time hereinafter mentioned the individually named defendants POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 - 10 were at all times relevant herein officers, employees and agents of the New York City Police Department.

12. The individual defendants are sued in their individual and official capacities.

13. At all times relevant herein, the individual defendants, either acting alone, acting in concert or conspiring with each other, were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

15. On June 27, 2009, at approximately 4:00 a.m., plaintiff EDDIE STEWART was in the company of Benny Yoy, Craig Peals and LaShann Miller, in the vicinity of Third Avenue and 103rd Street, New York, New York.

16. Plaintiff EDDIE STEWART, Craig Peals and Benny Yoy entered Miller's vehicle and head further uptown on Third Avenue.

17. Defendants POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 - 10 stopped Miller's vehicle as he was driving northbound on Third Avenue, New York, New York.

18. These Officers, Individually and in concert, approached the driver's side door of the vehicle where LaShann Miller was seated.

19. These Officers, Individually and in concert, approached the left rear passenger side of the vehicle where EDDIE STEWART was seated.

20. These Officers, Individually and in concert, approached the passenger side doors of the vehicle where Benny Yoy and Craig Peals were seated.

21. These Officers, Individually and in concert, supervised the traffic stop of LaShann Miller and plaintiff EDDIE STEWART, as these officers, Individually and in concert, stood towards the rear of the vehicle.

22. These Officers, Individually and in concert, requested LaShann Miller's paperwork and went back to the police vehicle.

23. These Officers, Individually and in concert, returned to Miller's vehicle and told the occupants to get out of the car.

24. These Officers, Individually and in concert, proceeded to search the vehicle.

25. At this time, Plaintiff EDDIE STEWART asked what was going on, These Officers, Individually and in concert, held guns to EDDIE STEWART'S face and said in sum and substance, "LET ME SEE YOUR HANDS. YOU KNOW WHAT YOU DID."

26. These Officers, Individually and in concert, said to EDDIE STEWART in sum and substance, "YOU HAD SOMETHING TO DO WITH IT. YOU HAVE A RECORD."

27. Once Plaintiff EDDIE STEWART stepped out of the vehicle, these Officers, Individually and in concert, searched plaintiff and the others without reasonable suspicion or probable cause or any reasonable belief that plaintiff or the others had committed a crime.

28. These Officers, Individually and in concert, held Plaintiff EDDIE STEWART and the others in custody outside of MILLER'S vehicle for over thirty-five minutes before STEWART and the others were arrested without reasonable suspicion or probable cause or any reasonable belief that plaintiff or the others had committed a crime.

29. Defendant POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 – 10 handcuffed Plaintiff EDDIE STEWART.

30. At no time did Plaintiff EDDIE STEWART resist being arrested.

31. Plaintiff EDDIE STEWART was arrested, handcuffed and transported to the 23rd Police Precinct.

32. Plaintiff EDDIE STEWART was fingerprinted and photographed at the precinct.

33. Plaintiff EDDIE STEWART was told by police officers that he was going to be taken to court.

34. Plaintiff EDDIE STEWART was charged with two counts of Assault in the Third Degree.

35. At his arraignment, Plaintiff EDDIE STEWART was held on one thousand dollars bail.

36. That the Plaintiff EDDIE STEWART remained incarcerated until July 2, 2009.

37. On or about September 29, 2009, plaintiff EDDIE STEWART's case was dismissed for failure to prosecute.

38. Plaintiff EDDIE STEWART's arrest was the result of false information provided by defendants POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 – 10, Individually and in concert.

39. As a result of the foregoing, plaintiff sustained *inter alia*, a loss of liberty and deprivation of his constitutional rights.

## FIRST CAUSE OF ACTION

40. Plaintiff EDDIE STEWART repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out by the defendants in their capacities as police officers under color of state law.

42. All of the aforementioned acts deprived plaintiff EDDIE STEWART of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

43. The acts complained of were carried out by the aforementioned individual defendants pursuant to the customs, usages, practices, and procedure of the City of New York and the New York City Police Department.

44. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice or procedure of the City of New York and the New York City Police Department that is forbidden by the Constitution of the United States.

## SECOND CAUSE OF ACTION

45. Plaintiff EDDIE STEWART repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. As a result of the aforesaid conduct by defendants, plaintiff EDDIE STEWART was subjected to an illegal and false arrest by the defendants and taken into custody and

caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

47. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his physical well being and safety without probable cause.

48. Defendants POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 – 10 actions of arresting plaintiff EDDIE STEWART without just cause, nor reasonable belief that just cause existed, abused their power and authority as employees of the City of New York and the New York City Police Department, and under color of state and/or local law.

49. Upon information and belief, it was the deliberate choice, policy and custom of the defendant City of New York to fail to adequately supervise and train its police officers, including the defendant police officers, in a manner to discourage false arrests, thereby failing to adequately discourage further constitutional violations committed by police officers, causing plaintiff EDDIE STEWART to be falsely arrested.

50. As a result of the above-described deliberate choices, policies and customs, EDDIE STEWART suffered emotional and physical injury that may be permanent and have caused diminution in the quality of plaintiff's life.

### THIRD CAUSE OF ACTION

51. Plaintiff EDDIE STEWART repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 - 10 misrepresented and falsified evidence to the District Attorney's Office about plaintiff EDDIE STEWART.

53. Defendants POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 - 10 were directly and actively involved in the initiation and continuation of the criminal proceedings against EDDIE STEWART.

54. Defendants POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 - 10 acted with malice in initiating criminal proceedings against plaintiff EDDIE STEWART.

55. Defendants POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 - 10 lacked probable cause to continue criminal proceedings against plaintiff EDDIE STEWART.

56. Defendants POLICE OFFICER KEVIN LUI and POLICE OFFICERS' JOHN AND JANE DOE #1 - 10 involvement in the malicious prosecution against plaintiff EDDIE STEWART without just cause, nor reasonable belief that just cause existed, abused their power and authority as employees of the City of New York and the New York City Police Department, and under color of state and/or local law.

57. Upon information and belief, it was the deliberate choice, policy and custom of the defendant City of New York to fail to adequately supervise and train its police officers, including the defendant police officers, in a manner to discourage malicious prosecution, thereby failing to adequately discourage further constitutional violations committed by police officers, causing plaintiff EDDIE STEWART to suffer through perjurious and fraudulent criminal proceedings.

58. As a result of the above-described deliberate choices, policies and customs, EDDIE STEWART suffered emotional and physical injury that may be permanent and have caused diminution in the quality of plaintiff's life.

## FOURTH CAUSE OF ACTION

59. Plaintiff EDDIE STEWART repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effects as if fully set forth herein.

60. Each and every individual defendant had an affirmative duty to intervene on plaintiff EDDIE STEWART's behalf to prevent the violation of his constitutional rights.

61. The individual defendants failed to intervene on plaintiff EDDIE STEWART's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

62. As a result of the aforementioned conduct of the individual defendants, plaintiff EDDIE STEWART's constitutional rights were violated and he was subjected to false arrest, false imprisonment and malicious prosecution.

63. As a result of the above-described deliberate choices, policies and customs, EDDIE STEWART suffered emotional and physical injury that may be permanent and have caused diminution in the quality of plaintiff's life.

## FIFTH CAUSE OF ACTION

64. Plaintiff EDDIE STEWART repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effects as if fully set forth herein.

65. Defendant City of New York is liable for the damages suffered by plaintiff as a result of the conduct of its employees, agents and servants and others whose names are presently unknown.

66. Defendants POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN AND JANE DOE #1 - 10 arrested and incarcerated plaintiff EDDIE STEWART in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

67. The acts complained of were carried out by the defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

68. The acts complained of were carried out by the defendants, who acted under color of law, in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

69. Defendant City of New York knew or should have known of its employees', agents', or servants' propensity to engage in the illegal and wrongful acts described above.

70. The foregoing customs, policies, usages, practices and procedures of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff EDDIE STEWART.

71. As a result of the foregoing customs, policies, usages, practices and procedures of the City of New York and the New York City Police Department, plaintiff EDDIE STEWART was falsely arrested and incarcerated.

72. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's EDDIE STEWART constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff EDDIE STEWART of his federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unlawful search;

   D. To be free from unwarranted and malicious criminal prosecution;

   E. Not to have cruel and unusual punishment imposed against him; and

   F. To receive equal protection under the law.

74. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

**WHEREFORE,** plaintiff EDDIE STEWART demands a jury trial and the following relief jointly and severally against the defendants:

   a. Compensatory damages in the amount of five million dollars ($5,000,000.00);

   b. Punitive damages in the amount of five million dollars ($5,000,000.00);

   c. Costs, interest and attorney's fees; and

   d. Such other and further relief as this Court may deem just and proper, including declaratory and injunctive relief.

Dated:    New York, New York
          June 25, 2012

*Verena C. Powell*
By: Verena C. Powell (VP 8176)
299 Broadway, Suite 1700
New York, New York 10007
Tel:   212-267-1906
Fax:   866-240-0861