UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

EDDIE STEWART,

                                            Plaintiff,

         -against-

THE CITY OF NEW YORK, POLICE OFFICER KEVIN LUI, POLICE OFFICER JASON MELENDEZ, and POLICE OFFICER EVAN HALL,

                                            Defendant.
------------------------------------------------------------------------x

FIRST AMENDED COMPLAINT

12 Civ. 5018 (CM)

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Paintiff's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Eddie Stewart ("Plaintiff" or "Mr. Stewart"), an African & Hispanic-American male, is a resident of Bronx County in the City and State of New York.

7. Defendant The City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant The City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant The City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including Defendants Police Officers Kevin Lui, Jason Melendez, and Evan Hall (collectively, "the individual defendants").

10. Defendant Police Officer Kevin Lui ("Lui"), at all times relevant herein, was an officer, employee, and agent of the NYPD.

11. Defendant Lui is sued in his individual and official capacities.

12. At all times relevant herein, Defendant Lui was acting under color of state law.

13. At all times relevant herein, Defendant Lui was acting within the scope of his employment with Defendant The City of New York.

14. Defendant Police Officer Jason Melendez ("Melendez"), at all times relevant herein, was an officer, employee, and agent of the NYPD.

15. Defendant Melendez is sued in his individual and official capacities.

16. At all times relevant herein, Defendant Melendez was acting under color of state law.

17. At all times relevant herein, Defendant Melendez was acting within the scope of his employment with Defendant The City of New York.

18. Defendant Police Officer Evan Hall ("Hall"), at all times relevant herein, was an officer, employee, and agent of the NYPD.

19. Defendant Hall is sued in his individual and official capacities.

20. At all times relevant herein, Defendant Hall was acting under color of state law.

21. At all times relevant herein, Defendant Hall was acting within the scope of his employment with Defendant The City of New York.

## STATEMENT OF FACTS

22. On or about June 27, 2009, at approximately 4:00 a.m., Mr. Stewart was riding in a vehicle along with Craig Peals, Benny Yoy, and LaShann Miller (collectively "the other apprehended individuals").

23. The vehicle was stopped by the individual defendants without probable cause or reasonable suspicion in the vicinity of Third Avenue and 103rd Street, New York, New York.

24. The individual defendants, without reason, forced Mr. Stewart and the other apprehended individuals out of the vehicle at gun point.

25. Mr. Stewart and the other occupants of the vehicle were taken to the back of the vehicle at gun point.

26. While Mr. Stewart and the other apprehended individuals stood at the back of the vehicle, two individuals exited the back of a police car.

27. Both of the individuals were extremely intoxicated, even to the point where one of the individuals fell down to the ground.

28. As the individual defendants pointed their weapons at Mr. Stewart and the other apprehended individuals, the individual defendants asked the two intoxicated individuals if they recognized Mr. Stewart and the other apprehended individuals.

29. The two intoxicated individuals indicated that they could not identify Mr. Stewart and the other apprehended individuals.

30. The individual defendants continued to ask the two intoxicated individuals if they recognized Mr. Stewart and the other apprehended individuals.

31. The two intoxicated individuals conferred with each other and then finally said that they recognized Mr. Stewart and the other apprehended individual. The two intoxicated individuals then stumbled off away from the location.

32. The show-up, conducted in such a manner, was unduly suggestive.

33. The individual Defendants, without probable cause, placed Mr. Stewart and the other apprehended individuals under arrest and searched them.

34. Mr. Stewart was transported to the 23rd Police Precinct.

35. Mr. Stewart was charged with 2 counts of New York Penal Law § 120.00(1).

36. Mr. Stewart was arraigned and held on One Thousand Dollars ($1,000.00) bail.

37. Mr. Stewart remained incarcerated until sometime on July 2, 2009.

38. On or about September 29, 2009, the criminal charges against Mr. Stewart were dismissed for failure to prosecute.

39. As a result of the foregoing, Mr. Stewart sustained, *inter alia*, a loss of liberty, deprivation of his constitutional rights, and humiliation.

## **FIRST CAUSE OF ACTION**
*42 U.S.C. § 1983*

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendants, by their conduct toward Plaintiff as alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendant Police Officer Kevin Lui violated the Fourth and Fourteenth Amendments because he stopped and searched Plaintiff without reasonable suspicion.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### THIRD CAUSE OF ACTION
*False Arrest*

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Police Officer Kevin Lui violated the Fourth and Fourteenth Amendments because he arrested Plaintiff without probable cause.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION
*Denial of Substantive Due Process*

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The individual Defendants created false evidence against Plaintiff.

51. The Police Officer Kevin Lui forwarded false evidence to prosecutors in the New York County District Attorney's Office.

52. In creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, Plaintiff's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States was violated.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### FIFTH CAUSE OF ACTION
*Malicious Abuse of Process*

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The individual Defendants issued, or caused to be issued, legal process to place Plaintiff under arrest.

56. The individual Defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to obtain more arrests, to cover up their excessive force, to cover up their illegal stop and search of plaintiff, and to obtain overtime pay, among other things.

57. The individual Defendants acted with intent to do harm to Plaintiff without excuse or justification.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### SIXTH CAUSE OF ACTION
*Excessive Force*

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. Police Officer Kevin Lui violated the Fourth and Fourteenth Amendments because he used unreasonable force on Plaintiff.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### SEVENTH CAUSE OF ACTION
*Conspiracy under 42 U.S.C. § 1983*

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. The individual Defendants jointly participated in the deprivation of Plaintiff's constitutional rights as set forth herein.

64. The individual Defendants conspired in the deprivation of Plaintiff's constitutional rights by collectively lying about Plaintiff's actions and conduct; lying about the legality of the show-up; fabricating evidence against Plaintiff; and intentionally withholding and/or destroying exculpatory evidence in order to support the Defendants' fabricated version of the events.

65. As a result of the individual Defendants' malicious efforts to damage Plaintiff, Plaintiff's liberty was restricted, he was restrained, subjected to excessive force, and, among other things, falsely arrested and prosecuted.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### EIGHTH CAUSE OF ACTION
*Failure to Intervene*

67. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68. Those individual defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

69. Accordingly, the individual defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

70. This failure to intervene shall be exclusive of failure to intervene in excessive force and false arrest for Defendants Melendez and Hall..

71. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## NINTH CAUSE OF ACTION
*Equal Protection Clause under 42 U.S.C. § 1983*

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. The Defendants' conduct was tantamount to discrimination against Plaintiff based on his ethnicity. Other individuals who are not African-American and Hispanic are not falsely arrested; conspired against; and maliciously prosecuted, among other things. This disparate treatment caused Plaintiff to suffer serious injuries.

74. As a result of the foregoing, Plaintiff was deprived of his rights under the Equal Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

## TENTH CAUSE OF ACTION
*Monell*

75. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by plaintiff.

77. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

78. Defendant The City of New York, through the NYPD, has a *de facto* quota policy that encourages unlawful arrests, unlawful identification procedures, the fabrication of evidence, and perjury.

79. Defendant The City of New York, through the NYPD, has a *de facto* overtime policy that encourages and incentivizes false arrests, unlawful identification procedures, the fabrication of evidence, and perjury.

80. Defendant The City of New York, through the NYPD, has failed to train police officers with regard to the proper manner in which to conduct a show-up; how to conduct a pre-arrest investigation; and how to determine the reliability of alleged victims and witnesses.

81. Defendant The City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

82. Defendant The City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

83. These policies, practices, and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 1, 2012

By: _____
GREGORY P. MOUTON, JR. (GM-4379)
The Law Office of Gregory P. Mouton, Jr.
Attorney for Plaintiff
244 5th Avenue, Suite G247
New York, NY 10001
Phone & Fax: (646) 706-7481

To:

Verena C. Powell, Esq. (via ECF)
Powell Law, PLLC
Attorney for Plaintiff
299 Broadway, Suite 1700
New York, NY 10007
Tel: (212) 267-1906
Fax: (866) 240-0861

Katherine McFarlane, Esq.
Special Federal Litigation Unit
New York City Law Department
Attorney for Defendants
THE CITY OF NEW YORK &
POLICE OFFICER JOHN LUI
100 Church Street

New York, NY  10007

Index No. 12 Civ. 5018 (CM)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDDIE STEWART,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER KEVIN LUI and POLICE OFFICERS JOHN and JANE DOE # 1 – 10, Individually and in their official capacities (the names John and Jane Doe being fictitious as their true names are presently unknown),

Defendants.

---

FIRST AMENDED COMPLAINT

---

The Law Office of Gregory P. Mouton, Jr.
Attorney for Plaintiff
244 5th Avenue, Suite G247
New York, NY  10001
Phone & Fax: (646) 706-7481